UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
GLENN NOLAN CORLEY and
JANIE PHILLIPS CORLEY,
        Debtors.                              No. 7-05-16827 SA

GARY AINSWORTH,
        Plaintiff,
v.                                           Adv. No. 05-1265 S

GLENN CORLEY, et al.,
        Defendants.


## ORDER DISMISSING ADVERSARY PROCEEDING

    This matter came before the Court for hearing on

Debtors'/Defendants' Motion to Dismiss or Strike Creditors'

Notice of Objection to Dischargeability of Debt and the Adversary

Proceeding, and to Quash Summons and Notice of Pretrial

Conference (doc 6).  Counsel are listed in the service section

below.  This is a core proceeding.  28 U.S.C. § 157(b)(2)(I).

Based on the discussion below, the Court finds that the case

should be dismissed.

    On the last day[1] to timely file complaints objecting to

discharge or dischargeability pursuant to Fed.R.Bankr.P. 4007,

Plaintiff filed a Creditor's Notice of Objection to

Dischargeability of Debt under 11 USC 523 ("Notice") in Debtor's

bankruptcy case, 7-05-16827 SA.  It was not accompanied by the

required filing fee.  The Clerk's Office docketed the objection 2

_____

    [1]The Notice was actually filed with the Court on the
weekend, but under the Local "Drop Box" Rule, it is deemed to
relate back to Friday.  NM LBR 5005-1.

days later and also opened an adversary proceeding and filed the Notice as the initiating document[2]. The Notice is deficient as a complaint: it fails to identify the defendant or defendants, it does not contain a caption, it fails to allege jurisdiction, venue or core/non-core status, and does not demand that the Court declare the debt nondischargeable. It only gives notice that the creditor objects to the discharge of his debt. The Court finds it not relevant that, later, Creditor filed an amended complaint that cured defects. The amended complaint cannot make the original Notice timely filed if it were not.

The pleadings indicate that the attorney that filed the Notice is unfamiliar with bankruptcy law and practice, and was extremely busy the week before the complaint was due. Excusable neglect is not a ground for extending the deadline for filing dischargeability complaints. See <u>Themy v. Yu (In re Themy)</u>, 6 F.3d 688, 689 (10th Cir. 1993):

> Rules 4004(a) and 4007(c) set a strict sixty-day time limit within which a creditor may dispute the discharge of the debtor and the dischargeability of debts. Rules 4004(b) and 4007(c) provide that this deadline may only be extended for cause, after a hearing, if a motion is made before expiration of the sixty days. Finally, Rule 9006(b)(3) provides that a "court may enlarge the time for taking action under Rules ⋯ 4004(a) [and]

---

[2]Actions, authorized or unauthorized, taken by a Clerk's Office cannot validate a defective filing. <u>Cf.</u> <u>Themy v. Yu (In re Themy)</u>, 6 F.3d 688, 690 (10th Cir. 1993)(When the Court affirmatively misleads a creditor, the court bears responsibility for correcting the error.) In this case, the mistake was already made and it was not due to the Court.

Case 05-01265-s   Doc 16   Filed 06/22/06   Entered 06/22/06 11:29:01 Page 2 of 3

4007(c) ··· only to the extent and under the conditions
stated in those rules." Together, these rules prohibit
a court from sua sponte extending the time in which to
file dischargeability complaints.

Therefore, the Court cannot permit a nunc-pro tunc extension of
time for creditor to file the adversary complaint.

In sum, the document filed was inadequate to serve as a
complaint, and there are no grounds for granting an extension of
time in which to file a complaint, and the case should be
dismissed.

IT IS ORDERED that this adversary proceeding is dismissed.

_____
Honorable James S. Starzynski
United States Bankruptcy Judge

Copies to:

Jason Bowles
600 Central SW Ste 111
Albuquerque, NM 87102-3176

William F Davis
PO Box 6
Albuquerque, NM 87103-0006