UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW MEXICO

In re:
GLENN NOLAN CORLEY and
JANIE PHILLIPS CORLEY,
    Debtors.                                         No. 7-05-16827 SA

GARY AINSWORTH,
    Plaintiff,
v.                                                   Adv. No. 05-1265 S

GLENN CORLEY, et al.,
    Defendants.

**MEMORANDUM OPINION ON REMAND**

This matter is before the Court on remand from the United States District Court for the District of New Mexico after an appeal by Plaintiff of an Order Dismissing this adversary proceeding. The Court requested briefs on the issues raised in the remand, and now issues this Memorandum Opinion.[1] The Court finds that the First Amended Complaint ("Complaint") (doc 3) sufficiently relates back to the Creditor's Notice of Objection to Dischargeability of Debt under 11 USC 523 ("Notice") (doc 1) such that the Complaint should not be dismissed as to Mr. Corley but should be dismissed as to Ms. Corley, and that Plaintiff should be permitted to obtain and serve on Mr. Corley an alias summons and the Complaint within a reasonable period of time.

**BACKGROUND**

On November 27, 2005, the last day to timely file complaints objecting to discharge or dischargeability pursuant to

---

[1] This is a core proceeding. 28 U.S.C. § 157(b)(2)(I).

Fed.R.Bankr.P. 4007, Plaintiff filed the Notice[2] in Debtors' bankruptcy case, 7-05-16827 SA. The Notice is deficient as a complaint: it fails to identify the defendant or defendants, it does not contain a caption, it fails to allege jurisdiction, venue or core/non-core status, and does not demand that the Court declare the debt nondischargeable. It only gives notice that Plaintiff objects to the discharge of his debt and provides some factual allegations in support thereof.

The Clerk's office treated the objection as an adversary complaint and assigned an adversary proceeding number and later

---

[2]The Notice reads as follows:
    CREDITOR'S NOTICE OF OBJECTION TO DISCHARGEABILITY
              OF DEBT UNDER 11 USC 523
    Gary Ainsworth, ... hereby files his notice of objection to dischargeability of debt in this bankruptcy proceeding and in support states as follows:
1.   Gary Ainsworth is listed as a creditor in the above bankruptcy proceeding. He has filed suit in the Second Judicial District Court in New Mexico against Mr. Corley for fraud and false statements in connection with a new home sale in Albuquerque.
2.   During that sale, Mr. Corley, the builder of the home, filed an affidavit with the title company certifying that all subcontractor liens and bills had been paid on the home. As he then and there knew, that was not correct. Mr. Ainsworth currently owes thousands of dollars to various subcontractors.
3.   Mr. Corley thereby obtained the home sale through fraud and false pretenses. He did so willfully and intentionally.
4.   Mr. Ainsworth accordingly objects to discharge of his debt, underlying his state court suit against Mr. Corley, which is pending and stayed in the Second Judicial District Court.
WHEREFORE Mr. Ainsworth gives notice of his objection to dischargeability of his debt underlying his state court lawsuit against the above debtor.

collected the filing fees.  The Court issued a summons on December 6, 2005, which Plaintiff never served; rather, he mailed it to Debtors' attorney on or about December 20, 2005.

On December 30, 2005, Plaintiff, through his newly hired bankruptcy counsel, filed a first amended complaint that corrects all the deficiencies of the Notice; it has a proper caption that names both joint debtors as defendants, it alleges jurisdiction, core status, venue, elaborates on the facts set forth in the Notice, attaches exhibits, and seeks a declaration that the debt is nondischargeable under 11 U.S.C. §§ 523(a)(2)(A), 523(a)(2)(B), and 523(a)(6).

Defendants moved to strike the Notice and to dismiss the adversary complaint.  The Court granted the motion and dismissed the adversary proceeding.  Doc 16.  Plaintiff appealed to the United States District Court.  The Honorable Lorenzo F. Garcia, United States Magistrate Judge, issued a typically thorough and perspicacious analysis, recommending that the proceeding be remanded to the Bankruptcy Court so that it could consider a recently issued 10th Circuit Bankruptcy Appellate Panel decision[3] and make findings and conclusions regarding the issue of "relation back" principles under Fed.R.Civ.P. 15(c).  Doc 26. The Honorable Bruce D. Black, United States District Judge, in a

---

[3] Columbia State Bank, N.A. v. Daviscourt (In re Daviscourt), 353 B.R. 674 (10th Cir. B.A.P. 2006).

careful and detailed response to the objections raised by the Defendants, adopted the analysis and recommendation of the Magistrate Judge.  Doc 27.  The District Court stated that the adversary proceeding should be remanded for a consideration of, inter alia, the relation back issue, and "[i]f ... the Bankruptcy Court allows relation back, that court will determine what claims and parties can be added and whether service of process affects that decision, including whether the party to be added received sufficient notice and knowledge of the litigation not to be prejudiced by an amendment."  Id. at 7-8.

**ANALYSIS**

Federal Bankruptcy Rule 7015 adopts Fed.R.Civ.P. 15.  Rule 15(c) provides, in relevant part:

> (c) Relation Back of Amendments. An amendment of a pleading relates back to the date of the original pleading when
> ...
> (2) the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading[.]

The Federal Practice & Procedure guide provides a useful overview of Rule 15(c):

> The first sentence of Rule 15(c) enunciates the basic principle that an amended pleading alleging a new or different claim or defense will not relate back unless it arose out of the conduct, transaction, or occurrence that was set forth or was attempted to be set forth in the original pleading.  When plaintiff attempts to allege an entirely different transaction by amendment, Rule 15(c) will not authorize relation back.
> ...

Page -4-

> [A]mendments that merely correct technical deficiencies or expand or modify the facts alleged in the earlier pleading meet the Rule 15(c) test and will relate back. Thus, amendments that do no more than restate the original claim with greater particularity or amplify the details of the transaction alleged in the preceding pleading fall within Rule 15(c). But, if the alteration of the original statement is so substantial that it cannot be said that defendant was given adequate notice of the conduct, transaction, or occurrence that forms the basis of the claim or defense, then the amendment will not relate back and will be time barred if the limitations period has expired.
> Amendments curing a defective statement of subject matter jurisdiction, venue, or personal jurisdiction will relate back since they do not violate the standard prescribed by the rule.
> ...
> Of course, amendments that go beyond the mere correction or factual modification of the original pleading and significantly alter the claim or defense alleged in that pleading are treated more cautiously by the courts in applying the relation back doctrine.
> ...
> Because the rationale of the relation back rule is to ameliorate the effect of the statute of limitations, rather than to promote the joinder of claims and parties, the standard for determining whether amendments qualify under Rule 15(c) is not simply an identity of transaction test; although not expressly mentioned in the rule, the courts also inquire into whether the opposing party has been put on notice regarding the claim or defense raised by the amended pleading. Only if the original pleading has performed that function, which typically will be the case if the letter of the test set forth in Rule 15(c) is satisfied, will the amendment be allowed to relate back to prevent the running of the limitations period in the interim from barring the claim or defense. A failure of notice will prevent relation back.
> ...
> The fact that an amendment changes the legal theory on which the action initially was brought is of no consequence if the factual situation upon which the action depends remains the same and has been brought to defendant's attention by the original pleading.

> Thus, an amendment may set forth a different statute as the basis of the claim, or change a common law claim to a statutory claim or vice-versa, or shift from a contract theory to a tort theory, or delete a negligence count and add or substitute a claim based on warranty, or change an allegation of negligence in manufacture to continuing negligence in advertising. Indeed, an amendment that states an entirely new claim for relief will relate back as long as it satisfies the test embodied in the first sentence of Rule 15(c).

Wright, Miller & Kane, 6A Fed. Prac. & Proc. Civ.2d § 1497 (footnotes omitted). See also Weiss v. Alicea (In re Alicea), 230 B.R. 492, 498-99 (Bankr. S.D. N.Y. 1999)(Citations and internal punctuation omitted):

> Under Fed.R.Civ.P. 15(c)(2), an amended pleading relates back to an earlier pleading if the amended pleading sets forth claims arising out of the same conduct, transaction or occurrence set forth or attempted to be set forth in the earlier pleading. The principal inquiry is whether adequate notice of the matters raised in the amended pleading has been given to the opposing party by the general fact situation alleged in the original pleading. New allegations in the amended pleading relate back if they amplify the facts alleged in the original pleading or set forth those facts with greater specificity. A revised pleading will also relate back if it asserts new legal theories based on the same series of transactions or occurrences. Conversely, the amended complaint will not relate back if it is based on new facts and different transactions.

A Court applies a two part analysis to determine whether a pleading relates back to an earlier pleading. First, does the claim or defense asserted in the amended pleading arise out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading? Fed.R.Civ.P. 15(c)(2). Second, if so, does the original pleading give fair notice of the

Page -6-

general fact situation out of which the claim or defense arises? Columbia State Bank, N.A. v. Daviscourt (In re Daviscourt), 353 B.R. 674, 683 (10th Cir. B.A.P. 2006)(quoting Maes v. Herrera (In re Herrera), 36 B.R. 693, 694 (Bankr. D. Colo. 1984)). "[T]he 'bottom line' under Rule 15(c) is the notice given to the opposing party." Id. See also Stevelman v. Alias Research, Inc., 174 F.3d 79, 86-87 (2nd Cir. 1999)("[T]he central inquiry is whether adequate notice of the matters raised in the amended pleading has been given to the opposing party within the statute of limitations by the general fact situation alleged in the original pleading.")(Citation and internal punctuation omitted.)

**1.  The claim asserted in the amended Complaint arises out of the conduct, transaction, or occurrence set forth in the original Notice.**

The Notice states that it seeks a determination of the non-dischargeability of a debt that is represented by a pending state court case against Mr. Corley for fraud and false statements in connection with a new home sale in Albuquerque. It states that Mr. Corley, as builder of the home, filed a false affidavit with the title company alleging that all liens and bills had been paid, but that he knew they were not. And, it states that Mr. Corley obtained the home sale through fraud and false pretenses.

The First Amended Complaint ("Complaint") provides introductory allegations of jurisdiction, parties, and the procedural posture of the case. It then states that Mr.

Case 05-01265-s    Doc 33    Filed 09/24/07    Entered 09/24/07 14:11:29 Page 7 of 15

Ainsworth and Mr. Corley executed a contract for the purchase and sale of a new home in Albuquerque.  It provides additional details of the transaction, quoting from the attached purchase agreement.  It also provides additional details by quoting the affidavit Mr. Corley provided to the title company.  The Complaint then restates that Mr. Corley misrepresented facts with the intention to deceive or cheat, and that he knew there were unpaid liens on the property.  Count I states that Plaintiff is entitled to judgment under 11 U.S.C. § 523(a)(2)(A) for false pretenses, false representations or actual fraud.  Count II seeks relief under 11 U.S.C. § 523(a)(2)(B) for use of a materially false written statement regarding his financial condition.  Count III seeks relief under 11 U.S.C. § 523(a)(6) for willful and malicious injury.

Both the Notice and Complaint are based on the same set of facts as alleged in the Notice, the purchase and sale of a house in Albuquerque that resulted in the state court lawsuit.  This was also the finding of the Magistrate Judge, <u>see</u> Magistrate Judge's Analysis and Recommended Disposition, doc 26 at page 20, and adopted by the District Court, <u>see</u> Order Adopting Magistrate Judge's Findings and Recommended Disposition, doc 27 at page 8.

Defendants argue that the Amended Complaint improperly included allegations not in the Notice, such as that Mr. Corley acted with malice and that the Plaintiffs reasonably relied on

Page -8-

Case 05-01265-s    Doc 33    Filed 09/24/07    Entered 09/24/07 14:11:29 Page 8 of 15

his affidavit. Doc 31 at pages 3-4. Defendants argue that these additional allegations cure defects in the Notice by stating required elements of a nondischargeability complaint. This is not improper. As long as the claim in the amended pleading arises out of the same transaction alleged in the original pleading, relation back is allowed. See <u>Alicea</u>, 230 B.R. at 498, quoted above.

Therefore, the first step of the analysis indicates that the Amended Complaint may well relate back to the date of the Notice. The Court now turns to the second step, whether the original pleading gave fair notice of the general fact situation out of which the claim arises.

**2. The Notice gave fair notice of the general fact situation out of which the claim arises.**

The Notice was very specific – it complained about damages that resulted when the Defendant sold a house to Plaintiff and made misrepresentations about outstanding bills and liens. This Court finds that the Notice did give fair notice that Plaintiff was complaining about a specific transaction and the damages that flowed from it. As the Magistrate Judge noted, "neither Glenn Corley nor Janie P. Corley can 'claim to have been surprised by the claims set forth in the amended complaint' as the allegations in the Notice of Objection are based on the same conduct as that alleged in the state court case, and the Corleys cannot have been taken by surprise when Mr. Ainsworth challenged the

dischargeability of his debt on the basis of fraud and misrepresentation."  Doc 26, at page 19.

**3. The Notice did not give fair notice that a nondischargeability claim was being asserted against Defendant Janie P. Corley.**

In light of the explicit description contained in the Notice, there is no question that the Defendants were from the outset on notice of the claims against Mr. Corley.  Just as clearly, however, the same cannot be said of Ms. Corley.  The only explicit or implicit mention of Ms. Corley in the Notice, is in the style of the bankruptcy case, where both Debtors' names would be expected to appear regardless of what relief is being sought in the document at issue.  Nothing in the Notice otherwise refers to Ms. Corley; it speaks explicitly and only of Mr. Corley and his actions.  Therefore both Defendants, and especially Ms. Corley, were likely quite surprised to see her named as a defendant in the Complaint.  Indeed, the Complaint itself continues to recite only the actions of Mr. Corley as giving rise to the alleged nondischargeable claims.  Aside from her name appearing in the bankruptcy case style, Ms. Corley is mentioned in the Complaint only in the adversary proceeding case style, in the introductory paragraph to the complaint identifying parties, in the opening line of the prayer for relief (referring to "Defendants"), in paragraph A of the prayer (referring to "Defendants' debt"), and perhaps in paragraph B (reciting "[t]hat

Page -10-

Defendants owes [sic] Plaintiff....").[4] The precise wording of the Complaint, as drafted by counsel clearly complying with ethical and professional standards of conduct, provides further support for the conclusion that the Notice did not even intend to include Ms. Corley. Therefore the Court concludes that the Complaint relates back to the Notice only as to Mr. Corley.

**4. Other issues on remand.**

The District Court also remanded for findings on the electronic filing of Mr. Ainsworth's Notice "to the extent Judge Starzynski determines those findings are pertinent." Mr. Bowles' explanation that he inadvertently used the previous login and password provides is reasonable and provides no basis for any finding of bad faith. In addition, there has been no showing of any legal prejudice to Mr. Corley. This Court agrees with District Court Judge Black that the objection is hypertechnical, and provides no basis for not permitting the action to go forward.

The Magistrate Judge also recommended that this Judge make findings on the prejudice, if any, to the Defendants if relation back is allowed. The Court finds none. Section 523 of the Bankruptcy Code anticipates that Debtors will have to defend

---

[4] Plaintiff also asks that "the community claims and debts" identified in the Complaint not be discharged. In this decision the Court does not rule on the legal effects of holding nondischargeable some or all of (only) Mr. Corley's debt to Plaintiff.

against challenges to the discharge of certain of their debts. Therefore, the mere filing of a 523 complaint cannot be prejudice. The initial "Notice", although it failed as a complaint, was filed by the deadline fixed by the Court. As the District Court indicated, "the plain language of [Rule 15] does not specify that the 'original pleading' be a complaint before relation back principles apply." Doc 27 at 4. Therefore, under Rule 15 the Amended Complaint relates back to the initial Notice and is deemed timely filed. Additionally, Defendants have not argued that evidence spoiled or witnesses disappeared between the Notice and Amended Complaint. In sum, the Court sees no prejudice to Defendants in allowing the relation back.

Finally, the Magistrate Judge recommended, and the District Judge specifically adopted, that the issue of lack of service of process should be determined on remand. Bankruptcy Rule 7004 adopts Fed.R.Civ.P. 4(m), which provides in part:

> **Time Limit for Service.** If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

The plain language of Rule 4(m) broadens the trial court's discretion by allowing it to extend the time for service even when the plaintiff has not shown good cause. See Espinoza v.

Case 05-01265-s    Doc 33    Filed 09/24/07    Entered 09/24/07 14:11:29 Page 12 of 15

United States, 52 F.3d 838, 840-41 (10th Cir. 1995). If good cause is shown, relief is mandatory. Id. at 841. "Relief may be justified, for example, if the applicable statute of limitations would bar the refiled action, ..." Fed.R.Civ.P. 4, 1993 Advisory Committee Notes.

In this case, the Notice was filed on November 27, 2005, which triggered the 120-day period for Fed.R.Civ.P. 4(m). The summons was issued December 6, 2005, but not placed in the mail within 10 days as required by Bankruptcy Rule 7004(e). No alias summons was ever issued. See docket; see also Bankruptcy Rule 7004(e) ("If a summons is not timely delivered or mailed, another summons shall be issued and served."). Plaintiff did, however, mail a copy of the Amended Complaint to both the Debtors and their attorney on December 30, 2005.

Rule 4(m) is implicated in this case. Service was not accomplished within 120 days of the filing of the Notice. The parties agreed that no evidentiary hearing would be required in determining the issues on remand, so the Court cannot find as a fact that Plaintiff had good cause for the failure. Therefore, the Court must determine whether it should use its discretion to extend the deadline.

> "Factors to be considered in this regard are: (1) whether the applicable statute of limitations would bar the refiled action; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant had attempted to conceal the defect in service; and (4) whether the defendant would

be prejudiced by the granting of plaintiff's request for relief from the provision." <u>Eastern Refractories Co. v. Forty Eight Insulations, Inc.</u>, 187 F.R.D. 503, 506 (S.D. N.Y. 1999) (citation omitted).

<u>Carroll v. Certified Moving & Storage, Co., LLC</u>, Not Reported in F.Supp.2d, 2005 WL 1711184, at *2 (E.D. N.Y. 2005). Considering these factors, the Court finds that it should extend the deadline. First, the statute of limitations has run. Second, the Defendants had actual notice of the Notice and Amended Complaint within the 120 days, as evidenced by the January 5, 2006 Motions to Dismiss, Strike Notice, and Quash Summons. Third, the Court sees no prejudice to the Defendants by allowing tardy service in this case. Finally, there is a general principle that litigation should be resolved on the merits. <u>Id.</u> at *3.

**CONCLUSION**

For the reasons set forth above, the Court finds that it should enter an Order Denying the Motion to Dismiss or Strike Creditor's Notice of Objection to Dischargeability of Debt (doc 6), an Order Granting the Motion to Quash Summons and Notice of Pretrial Conference (doc 7), and an Order Directing Plaintiff to Request an Alias Summons and to Serve the Complaint and Summons by a fixed date.

/s/ James S. Starzynski
_____
Honorable James S. Starzynski
United States Bankruptcy Judge

Page -14-

copies to:

Jason Bowles
600 Central SW Ste 111
Albuquerque, NM 87102-3176

William F Davis
PO Box 6
Albuquerque, NM 87103-0006

Paul M Kienzle, III
PO Box 587
Albuquerque, NM 87103-0587